FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ SEP 30 2009 ★
P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WILDRED WHARFF,

                    Plaintiff,

    -against-

STATE UNIVERSITY OF NEW YORK,
Health Science Center at Brooklyn,

                    Defendant.
------------------------------------------------------------X

**MEMORANDUM and ORDER**

02-CV-488 (SLT)(LB)

**TOWNES, United States District Judge:**

## INTRODUCTION

The plaintiff Wildred Wharff (the "Plaintiff"), proceeding *pro se*, brings this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e, *et seq.*, against his employer, the State University of New York, Health Sciences Center at Brooklyn ("SUNY" or the "Defendant"). The Defendant moved for summary judgment, and the motion was referred to Magistrate Judge Lois Bloom. Judge Bloom issued a Report and Recommendation (R&R), which recommended that the motion be granted. For the reasons stated below, Judge Bloom's recommendation is accepted, and the Defendant's motion for summary judgment is granted.

## FACTS

Since 1984, SUNY employed the Plaintiff as a laboratory technologist in the Department of Clinical Laboratories ("Department") where the Plaintiff worked exclusively in the Clinical Chemistry Lab. (Defendant's 56.1 Statement ("Defs. 56.1"), Docket No. 26, ¶¶ 1, 2). Beginning in 1988, the Plaintiff worked for the Defendant under the direct supervision of Pervez Mirza

("Mirza"), a male supervisor in the Chemistry Laboratory. (Defs. 56.1 ¶ 5). Mirza was responsible for evaluating the Plaintiff's work performance. (Defs. 56.1 ¶ 6). During the course of his employment, the Plaintiff had never been promoted, nor recommended for a promotion by his supervisor.

An agreement between the Plaintiff's union and his employer governed the promotional process at SUNY. (Defendant's Exhibit ("Defs. Exh.") 1). Pursuant to the provisions of the agreement, an employee could receive a promotion in two ways. First, a promotion could be made after an employee applies to a posted vacant position at a higher title. (Defs. 56.1 ¶ 7; Defs. Exh. 1, III.E.(1)). A vacancy is created when a new position ("line") is created or when someone leaves an existing position and the line remains funded. Sometimes due to budgetary cutbacks, hiring freezes, early retirement, or voluntary separation, a line is eliminated after someone leaves an existing position. In such circumstances, no vacancy exists, and there is no posting. (Defs. 56.1 ¶ 7).

Second, an employee can receive a promotion after assuming additional duties. When a promotion is obtained this way, no vacancy occurs, and the employee's position is merely reclassified to a higher title to reflect the additional duties that have been taken on. (Defs. 56.1 ¶ 8; Defs. Exh. 1, III.E.(2)). In the Department, such promotions are typically initiated by an employee's direct supervisor and are subject to the review and approval of other SUNY officials. (Defs. 56.1 ¶ 9; Declaration of Maria Mendez, sworn to February 23, 2004 ("Mendez Declaration"), Docket No. 24, ¶ 6).

In 1999, the following three female employees were promoted by SUNY: Helena Gorfajn, Carmen Patrick, and Patricia Mallett. They were each promoted as a result of recommendations

by their respective supervisors.[1] (Defendant's Exhibits 4, 6, 7). Each of the recommenders stated that the employee that they were recommending had assumed higher level duties and deserved a promotion. (*Id.;* Mendez Declaration ¶¶ 3-5). Maria Mendez was the Senior Associate Administrator of the Department. Her duties included reviewing promotion recommendations. She reviewed the recommendations for Gorfajn, Patrick, and Mallett and approved of them. (Mendez Declaration ¶¶1, 3-5).

In recommending Ms. Gorfajn for promotion to the position of Assistant Supervisor in December 1998, Mr. Mirza stated that she had been performing the duties of that position since 1995. He noted that she had "helped tremendously in developing a new method for Blood Lead Analysis" and that she was "working diligently . . . to keep the Chemistry Laboratory work load flow[ing] smoothly." (Defs. Exh. 4). Dorthy Kirk, Ms. Mallett's supervisor, wrote a recommendation letter saying that Ms. Mallett had assumed the role of Supervisor "without the title or monies associated with this increased responsibility" and that she had "performed exceptionally in this position." (Defs. Exh. 6). Cheri Saul, Ms. Patrick's supervisor, wrote in her letter of recommendation dated, December 16, 1998, that she "strongly support[s] Ms. Carmen Patrick's promotion to assistant supervisor." She noted that Ms. Patrick had been working as an Assistant Supervisor since 1995 and that she "continues to fulfill all of the duties and responsibilities" of the position. (Defs. Exh. 7).

On November 8, 1999, the Plaintiff filed an administrative complaint with the New York

---

[1] In addition to the Plaintiff, Mirza also supervised Gorfajn. (Declaration of Pervez Mirza, sworn to March 4, 2004, Docket No. 30, ¶ 1-4, 6-8) Patrick and Mallett were supervised by others and worked in different laboratories. (Declaration of Dorothy Kirk, sworn to February 23, 2004, Docket No. 22, ¶8; Corrected Declaration of Cheri Saul, sworn to March 8, 2004, Docket No. 28, ¶ 8).

State Division of Human Rights ("SDHR") alleging that SUNY discriminated against him because of his gender by not promoting him and by denying him promotional opportunities. (Defs. Exh. 18). In the complaint, he specifically referred to the promotions of Gorfjan, Mallett, and Patrick as the basis for his charge. On August 3, 2001, the SDHR issued a Determination and Order After Investigation, determining that there was "NO PROBABLE CAUSE to believe that [SUNY] has engaged in or is engaging in the unlawful discriminatory practice complained of." (Defs. Exh. 19).

On November 20, 2001, the United States Equal Employment Opportunity Commission ("EEOC") adopted the SDHR's finding, and issued the Plaintiff a right to sue letter. (Defs. Exh. 20). The instant complaint (the "Complaint") was filed on January 23, 2002. In the Complaint, the Plaintiff alleges that the Defendant discriminated against him because of his gender and specifically cites the promotion of Gorfajn, Patrick, and Mallett. (Complaint, Docket No. 1, ¶¶ 9, 12, 17).

In the Plaintiff's motion papers, he states that he applied for an Assistant Supervisor position that was posted in June 2002 and was interviewed for it, but that the job was given to another man, Pedro Cordero.[2] (Plaintiff's Memorandum of Law in Opposition pp. 6-7). He also asserts that he chose not apply for a position even though he "was told that he could apply." (*Id.* at p. 5). According to the Plaintiff, the position was posted, and a woman named Sandra Alfaro was hired. (*Id.*; Exh. K to Plaintiff's Memorandum of Law in Opposition). He also complains

---

[2] The Plaintiff has filed a second action in this Court alleging that the Defendant discriminated against him on the basis of his race and national origin. *See Wharff v. S.U.N.Y.*, No. 05-CV-4780 (SLT) (LB). The decision to hire Mr. Cordero is a basis for his claims in that action.

-4-

about the promotion of a woman named Yolande Henry to Assistant Supervisor, which occurred at or about the same time that Mr. Cordero was hired. (*Id.* at 8). Finally, in a supplemental submission in opposition to the motion, he cites the hiring of two other female employees, Ms. Eugenia Tifigiu and Ms. Marjorie Silcott after the positions were posted on or about March 9, 2004, and claims that he was more qualified. (Plaintiff's Supplement Opposing Summary Judgment p. 2).

## DISCUSSION

### *The Summary Judgment Standard*

Summary judgment is appropriate when the record demonstrates that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of demonstrating that there is no genuine issue of fact. *Id.* at 256. If this burden is met, the party opposing summary judgment must set forth "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

The Court "must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998). However, a party cannot successfully oppose a summary judgment motion with "conclusory allegations, speculation or conjecture." *Cifarelli v. Village of Babylon*, 93 F.3d 47, 51 (2d Cir. 1996). Summary judgment also cannot be avoided "by vaguely asserting the existence of some unspecified disputed material facts." *Borthwick v. First Georgetown Secs., Inc.*, 892 F.2d 178, 181 (2d Cir. 1989).

In discrimination cases, the Court of Appeals for the Second Circuit has warned that "'an extra measure of caution is merited in affirming summary judgment in a discrimination action because direct evidence of discriminatory intent is rare and such intent often must be inferred from circumstantial evidence found in affidavits and depositions.'" *Schiano v. Quality Payroll Systems, Inc.*, 445 F.3d 597, 603 (2d Cir. 2006) (quoting *Holtz v. Rockefeller & Co., Inc.* 258 F.3d 62, 69 (2d Cir. 2001). However, "'summary judgment remains available for the dismissal of discrimination claims in cases lacking genuine issues of material fact.'" *Holtz*, 258 F.3d at 69 (quoting *McLee v. Chrysler Corp.*, 109 F.3d 130, 135 (2d Cir.1997)).

### *Title VII*

Title VII prohibits an employer from discriminating against an employee on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Where, as here, an employee alleges that he was not promoted due to discrimination, the three-step burden shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973) is applicable. *Williams v. McCausland*, 782 F. Supp. 272, 278 (S.D.N.Y. 1992).

First, an employee must establish a *prima facie* case of discrimination. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253-54 (1981). In a failure to promote case, a plaintiff establishes a prima facie case of discrimination by demonstrating that: "'(1) [plaintiff] is a member of a protected class; (2) [plaintiff] applied and was qualified for a job for which the employer was seeking applicants; (3) [plaintiff] was rejected for the position; and (4) the position remained open and the employer continued to seek applicants having the plaintiff's qualifications.'" *Aulicino v. New York City Dep't of Homeless Servs.*, --- F.3d ---, 2009 WL 2854028 (2d Cir. 2009) (quoting *Petrosino v. Bell Atl.*, 385 F.3d 210, 226 (2d Cir.2004)).

The second element is construed to require that a plaintiff show that he or she applied for a specific position and a general request for a promotion is ordinarily insufficient. *See Brown v. Coach Stores, Inc.*, 163 F.3d 706, 710 (2d Cir. 1998). However, that requirement is inapplicable where "the plaintiff indicated to the employer an interest in being promoted to a particular class of positions, but was unaware of specific available positions because the employer never posted them." *Mauro v. Southern New England Telecomms., Inc.*, 208 F.3d 384, 387 (2d Cir. 2000). Under such circumstances, " requiring the plaintiff to show that he or she applied for the specific jobs at issue would be unrealistic, as an employee by definition cannot apply for a job that he or she does not know exists." *Id.*

If the plaintiff establishes a *prima facie* case "the burden shifts to the defendant, which is required to offer a legitimate, non-discriminatory rationale for its actions." *Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003). "If the defendant meets this second burden, 'to defeat summary judgment . . . the plaintiff's admissible evidence must show circumstances that would be sufficient to permit a rational finder of fact to infer that the defendant's employment decision was more likely than not based in whole or in part on discrimination." *Aulicino*, 2009 WL 2854028, at *5 (quoting *id.*).

### *Timeliness of Title VII Claims & The Exhaustion Requirement*

"An aggrieved employee wishing to bring a Title VII claim in district court must file an administrative complaint with the EEOC within 300 days of the alleged discriminatory act." *Petrosino*, 385 F.3d at 219. A failure to promote claim is based on "'discrete acts,' each giving rise to a separate cause of action." *Id.* at 220 (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). Thus, a failure-to-promote claim "may not be based on discrete acts

falling outside the limitations period." *Id.* However, "evidence of earlier promotion denials may constitute relevant 'background evidence in support of a timely claim.'" *Id.* (quoting *Morgan*, 536 U.S. at 113).

A plaintiff must exhaust his or her administrative remedies before raising a Title VII claim in a district court. *Holtz*, 258 F.3d at 83. Under this rule, "a plaintiff typically may raise in a district court complaint only those claims that either were included in or are 'reasonably related to' the allegations contained in her [administrative] charge." *Id.* (quoting *Butts v. City of New York Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1401 (2d Cir.1993)).

### *The R&R*

Judge Bloom first determined that the Plaintiff's failure-to-promote claims in this action could only be based on discrete acts taken no more than three hundred days prior to the date he filed his administrative charge with the SDHR. (R&R, Docket No. 60, p. 9). Judge Bloom then found that the claims about the promotions of Gorfajn, Patrick, and Mallett were timely. However, to the extent that the Plaintiff alleged earlier promotion denials that occurred prior to the three hundred day period, she construed these as allegations of "background evidence." (R&R pp. 9-10).

Judge Bloom then applied the applicable burden shifting formula to the facts of the case. She began by assuming, *ad arguendo*, that the Plaintiff had made a *prima facie* showing sufficient to shift the burden to the Defendant. She reasoned that, because the three challenged promotions were not posted, the Plaintiff may have been able to satisfy the second element for a *prima facie* case even though he did not show that he specifically applied for them, citing *Mauro*, 208 F.3d at 387. (R&R pp. 10-11).

Next, Judge Bloom concluded that the Defendant had met its burden by offering a legitimate non-discriminatory reason for promoting Gorfajn, Patrick, and Mallett. Judge Bloom reasoned that Gorfajn, Patrick, and Mallett were all promoted pursuant to the recommendation of their supervisors, and that the supervisors stated that each had assumed higher level duties. She noted that Patrick and Mallett had worked in different laboratories from the Plaintiff and had different supervisors. (R&R pp. 11-12).

Finally, Judge Bloom determined that the Plaintiff had failed to show sufficient evidence to permit a reasonable jury to infer that the three challenged promotions were based in whole or in part on gender discrimination. She noted that the Plaintiff's allegations were conclusory and unsupported by the record. (R&R pp.12-14).

## *Analysis*

Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed *de novo* those portions of the R&R to which the Plaintiff has objected. The portions of the R&R that were not objected to were reviewed for clear error. The Plaintiff's objection to Judge Bloom's determination that SUNY has set forth a legitimate, non-discriminatory reason for its actions is without merit. SUNY has asserted that Gorfajn, Patrick, and Mallett were promoted because they assumed higher level duties and each had a recommendation from their supervisor, and that is a legitimate basis for promoting them.

The Plaintiff's objection to Judge Bloom's conclusion that he did not proffer sufficient evidence of discrimination to survive the Defendant's summary judgment motion is also erroneous. The Plaintiff's objection is based on the same conclusory allegations that he made in his opposition to the motion, which are insufficient. Moreover, the mere fact that women were

promoted and that he was not is not enough for him to survive a motion for summary judgment on his gender discrimination claim.

Judge Bloom did not explicitly address the Plaintiff's references to promotions or job placements that occurred after his administrative charge. However, none of these references amount to a claim that can survive this motion for summary judgment. First, the assertions concerning Mr. Cordero are not "reasonably related" to the gender discrimination claims raised in the Plaintiff's administrative complaint. *See O'Neal v. State Univ. of New York Health Sci. Ctr. Brooklyn*, No. CV-01-7802, 2003 WL 1524664, at *3 (E.D.N.Y. Mar. 24, 2003); *Coleman v. Board of Educ., City of New York*, No. 96 CIV. 4293, 2002 WL 63555, at *3 (S.D.N.Y. Jan. 16, 2002). The Plaintiff has asserted the allegations about Mr. Cordero's selection in a new SDHR charge alleging racial discrimination. He brought a separate lawsuit in this Court after the EEOC issued a right to sue letter. Accordingly, his claims concerning Mr. Cordero will be addressed in that action.

Second, with respect to Ms. Alfaro, the Plaintiff cannot make out a *prima facie* case of gender discrimination. The Plaintiff freely admits that he knew about the availability of the position, but chose not to apply. His argument that he did not do so because it would have been futile is without merit and is unsupported by the record. The contention is also belied by the fact that the Plaintiff did choose to apply for another position.

Finally, the allegations concerning the other women whom the Plaintiff makes reference to are not before the Court because they pertain to promotions that were made or positions that were filled after the Plaintiff's complaint was filed. *See Mauro*, 208 F.3d at 386 n.1. The Plaintiff states that the positions for which Eugenia Tifigiu and Ms. Marjorie Silcott were hired

to fill were posted on or about March 9, 2004 and attaches announcements that have 2004 dates. (*See* Exhibits G&H to Plaintiff's Supplement Opposing Summary Judgment). The Plaintiff claims that Yolande Henry was promoted at or about the same time that Mr. Cordero was hired, and that Mr. Cordero's position was posted in June 2002. The Complaint does not encompass these claims because it was filed on January 23, 2002. Even if these claims were properly brought and the Plaintiff could show that they were "reasonably related" to the allegations in his administrative charge, they would still be dismissed because the Plaintiff has not made a *prima facie* showing of discrimination.

**CONCLUSION**

For the reasons set forth above, this Court accepts the recommendation in the R&R. The Defendant's motion for summary judgment is granted, and the Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Brooklyn, New York
September 30, 2009

SANDRA L. TOWNES
United States District Judge